```
UNITED STATES DISTRICT COURT                  USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                 DOCUMENT
                                              ELECTRONICALLY FILED
------------------------------------X         DOC #:_____
                                    :         DATE FILED: 1 5 DEC 2011
UNITED STATES OF AMERICA,           :
                                    :
                 -v-                :         S2 10 Cr. 674 (KBF)
                                    :
JOSEPH GAMBARDELLA,                 :         MEMORANDUM & ORDER
                    Defendant.      :
                                    :
------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Defendant Joseph Gambardella ("Defendant") moves the Court to reconsider its exclusion of cross-examination of one of the Government's witnesses ("Victim 1") regarding Victim 1's prior acts of domestic violence against his ex-wife.[1] Defendant argues that the evidence is not meant to show Victim 1's character for truthfulness or untruthfulness, but to "directly contradict his testimony." Dkt. No. 75 at 1. Defendant ignores, however, that the Court also excluded evidence regarding Victim 1's prior acts of domestic violence under Fed. R. Evid. 403, finding that such evidence would be more prejudicial than probative. See Dkt. No. 69 at 3. On that basis alone exclusion of evidence regarding Victim 1's acts of domestic abuse is proper. For that reason

---

[1] In its November 30, 2011 Order on the parties' motions in limine, the Court found, inter alia, that Victim 1's "prior domestic abuse is not sufficiently probative of Victim 1's character for truthfulness or untruthfulness" and that "any probative value" of cross-examination regarding the domestic abuse "would be substantially outweighed by the danger of unfair prejudice." See Dkt. No. 69 at 3.

and those set forth below, Defendant's motion for reconsideration is DENIED.

Although there is no specific rule either in the Federal or Local Rules of Criminal Procedure that allows for a motion for reconsideration, courts in this District apply Local Civil Rule 6.3--and its attendant caselaw--in criminal cases. See, e.g., U.S. v. Aleynikov, 785 F. Supp. 2d 46, 60 (S.D.N.Y. 2011); U.S. v. Morvillo-Vidal, No. 10 Cr. 222, 2011 WL 4072173, at *2 (S.D.N.Y. Sept. 13, 2011).

The standard for granting reconsideration is strict. Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Rule 6.3, Local Civil Rules, S.D.N.Y. "Controlling authority means decisions of the Second Circuit Court of Appeals or the U.S. Supreme Court." Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V., 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008) (citation omitted). The Court should not revisit a prior order unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,

956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted). A motion for reconsideration should be denied if the moving party "merely offers substantially the same arguments he offered on the original motion." U.S. v. Kerik, 615 F. Supp. 2d 256, n.27 (S.D.N.Y. 2009) (quotation marks omitted).

Defendant does not offer any of the four accepted grounds for reconsideration here. Instead, Defendant's main argument (which he also set forth in his original opposition to the Government's motion in limine) is that introduction of evidence regarding Victim 1's prior domestic violence belies any testimony he may give regarding his fear for himself (and his family) as a result of Defendant's alleged threats. Dkt. No. 75 at 7. Defendant concedes that "subjective feelings about being threatened are not an element of 18 U.S.C. § 894 [i.e., the statute under which Defendant is being charged]," but argues that those feelings are "relevant and may be taken into account by the jury in determining whether the actions by the defendant were objectively threatening." Id. While Victim 1's "fearful state of mind" is relevant, see, e.g., U.S. v. Zito, 467 F.2d 1401, 1404 (2d Cir. 1972), the Court finds that his prior acts of domestic violence do not bear on whether he was subjectively fearful of Defendant. In other words, the Court does not find that evidence of Victim 1's domestic altercations would directly contradict any testimony Victim 1 may give about his fearfulness

3

of Defendant on behalf of himself or his family. See U.S. v. Ramirez, 609 F.3d 495, 499-500 (2d Cir. 2010).[2] There is no factual or other basis upon which to conclude, as Defendant asks this Court to, that an act of domestic violence necessarily means that the witness did not care if his family or wife were harmed by Defendant. This Court declines to make such an inference.

Importantly, as discussed above and in the Court's November 30 Order, the probative value of the admission of Victim 1's prior acts of domestic violence and the order of protection against him would be substantially outweighed by the danger of prejudice before the jury. See Fed. R. Evid. 403.

---

[2] Defendant's reliance on U.S. v. Schwab, 886 F.2d 509 (2d Cir. 1989), for the proposition that a witness' misconduct "may be relevant to impeachment of a witness on some other ground other than the character of a witness for untruthfulness," such as bias, is not persuasive. Id. at 511. In that case, the Second Circuit did not even examine that narrow exception to Rule 608(b). Id. In addition, here, Defendant does not present any way in which Victim 1's prior acts of domestic violence undercut his actual fear of Defendant's alleged threats.

4

## CONCLUSION

For the aforementioned reasons, Defendant's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion (Dkt. No. 73).

SO ORDERED:

Dated: New York, New York
December 15, 2011

_____
KATHERINE B. FORREST
United States District Judge